IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK06-41374-TLS |
| ) | |
| ALAN KENT MEYERS and ) | |
| DEBRA JEAN MEYERS, ) | CH. 13 |
| ) | |
| Debtors. ) | |

ORDER

Hearing was held on February 7, 2007, on Debtors' Chapter 13 plan (Fil. #21), and objections by Tax Ease GP, Inc. (Fil. #22), A. Lee Schlichtemeier (Fil. #29), and Markowitz, L.L.C. (Fil. #31). James R. Nisley appeared for Debtors, Brian J. Adams appeared for Tax Ease GP, Inc., Victor E. Covalt, III appeared for A. Lee Schlichtemeier, and Britt J. Ehlers appeared for Markowitz, L.L.C.

The three objecting parties hold liens against certain parcels of Debtors' real property by virtue of tax sale certificates issued by the county treasurer. The plan provides for payment of the claims held by Tax Ease and Markowitz with an interest rate of 7% both pre- and post-confirmation. Both creditors object to this interest rate on the basis of 11 U.S.C. § 511(a).[1] That section was added in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). According to legislative history of the amendments, § 511 was proposed in response to the variety of standards in use among the jurisdictions to determine interest rates on deferred payments of tax claims. It was enacted to simplify the interest rate calculation by providing that the appropriate interest rate shall be determined in accordance with applicable nonbankruptcy law. *See* H.R. Rep. No. 109-31(I), at 101, *reprinted in* 2005 U.S.C.C.A.N. 88, 165. One commentator notes that with § 511, Congress has statutorily circumscribed the *Till*[2] decision, which contained the suggestion in *dictum* that an appropriate interest rate for deferred payments should be the national prime rate with additional interest points for the risk of non-payment. *See* 4 *Collier on Bankruptcy* ¶ 511.01 (Alan N. Resnick et al. eds., 15th ed. rev.).

---

[1] § 511. Rate of interest on tax claims
   (a) If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law.
   (b) In the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed.

[2] *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

Only one reported case has applied § 511 thus far, but the application is straightforward. In *In re Davis*, 352 B.R. 651 (Bankr. N.D. Tex. 2006), the court ruled that pursuant to § 511 the third-party holder of an ad valorem tax lien on the debtors' residence was entitled to receive the 18% interest rate permitted by Texas statute, rather than the lower rate proposed by the debtors in their Chapter 13 plan.

In Nebraska, the applicable interest rate on delinquent taxes is 14%. Neb. Rev. Stat. §§ 45-104.01, 77-1824. Because the plan does not provide for this rate of interest pre- and post-confirmation, the objections by Tax Ease and Markowitz will be sustained.

Mr. Schlichtemeier also holds tax sale certificates on certain of Debtors' real estate. His objection concerns the terms of the treatment of his claim in Debtors' previous Chapter 12 plan and the current plan's failure to provide for the claim. Debtors have objected to the Schlichtemeier claim, and that matter must be resolved before the confirmation issue can be ruled on. Therefore, his objection to confirmation will be deferred pending the outcome of the claims objection process.

IT IS ORDERED: The objections to confirmation by Tax Ease GP, Inc. (Fil. #22) and Markowitz, L.L.C. (Fil. #31) are sustained and confirmation of the plan (Fil. #21) is denied. The objection to confirmation by A. Lee Schlichtemeier (Fil. #29) is deferred until the pending objection to his claim is resolved. Upon resolution of Debtors' objection to the claim of Mr. Schlichtemeier, Debtors shall file an amended plan consistent with this Order.

DATED: February 8, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *James R. Nisley
    Brian J. Adams
    Britt J. Ehlers
    Victor E. Covalt, III
    Kathleen Laughlin
    U. S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.