IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-41374 |
| | ) | |
| ALAN KENT MEYERS and | ) | CH. 13 |
| DEBRA JEAN MEYERS, | ) | |
| | ) | |
| Debtors. | ) | |

### **MEMORANDUM**

Hearing was held in Lincoln, Nebraska, on March 21, 2007, on Debtors' Objection to Claim (Fil. #48), and a Resistance filed by creditor A. Lee Schlichtemeier (Fil. #53). James R. Nisley appeared for Debtors, and Victor E. Covalt, III appeared for creditor A. Lee Schlichtemeier ("Schlichtemeier"). This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(B).

Schlichtemeier purchased six tax sale certificates secured by Debtors' real property. In a Chapter 12 proceeding, Debtors modified their obligations under the certificates and agreed to pay the secured claim of Schlichtemeier over a period of 15 years. After the Chapter 12 plan was confirmed and the case closed, Debtors defaulted in making the payments, Schlichtemeier began foreclosure, and Debtors filed this Chapter 13 case. The question presented in this proceeding is whether Schlichtemeier retains a secured claim against Debtors when the tax sale certificates were treated in a confirmed Chapter 12 plan and the statutory time period for foreclosing the tax sale certificates has subsequently expired.

### *Findings of Fact*

1. Debtors are the owners of certain real property located in Red Willow County, Nebraska. Debtors failed to pay the real estate taxes on their real property and, on July 26, 1994, six tax sale certificates were issued to Red Willow County representing unpaid taxes on six different parcels of real estate owned by Debtors. Schlichtemeier subsequently purchased the tax sale certificates from Red Willow County.

2. Pursuant to Neb. Rev. Stat. § 77-1902, any action to foreclose the tax sale certificates was required to have been commenced on or before January 26, 1998.

3. On July 8, 1997, Debtors filed a Chapter 12 proceeding in this district. Schlichtemeier timely filed a proof of claim in the Chapter 12 proceeding and no objection to his claim was filed. Debtors' Chapter 12 plan was confirmed on May 7, 1998.

4. Debtors' confirmed plan in the Chapter 12 proceeding provided for the payment of Schlichtemeier's secured claim. Specifically, the amount due to Schlichtemeier on the six tax sale certificates were combined into one obligation to be paid in full, together with interest at the

*Wichmann* rate in 15 equal annual installments. The confirmed plan further provides that Schlichtemeier would retain his lien until such time as the claim is paid in full.

  5. After plan confirmation and during the pendency of the bankruptcy, Debtors made the annual payments as required under the terms of the confirmed plan. Debtors received a discharge dated January 14, 2003, made an annual payment pursuant to the plan to Schlichtemeier on February 5, 2003, and the bankruptcy case was closed on February 26, 2003.

  6. Debtors failed to make the annual payment due to Schlichtemeier in 2004 and thereafter.

  7. In 2004 Schlichtemeier commenced foreclosure proceedings on all six tax sale certificates in two separate cases in Red Willow County.

  8. This Chapter 13 proceeding was filed on October 13, 2006, prior to completion of the foreclosure cases.

  9. Schlichtemeier timely filed a proof of claim on January 11, 2007, as a fully secured claim in the amount of $111,423.04 as of the petition date plus interest thereafter at 8.2% per annum in accordance with the terms of the confirmed Chapter 12 plan. Debtors have not challenged the amount of the claim.

### *Discussion*

The parties appear to be in agreement that the statutory time period under Neb. Rev. Stat. §§ 77-1856 and 77-1902 to foreclose the tax sale certificates expired January 26, 1998, which was during the pendency of the bankruptcy case. Since the deadline expired during the Chapter 12 bankruptcy case, Debtors assert that pursuant to 11 U.S.C. § 108(c)(2), the deadline to foreclose was extended for a period of 30 days after notice of the termination or expiration of the automatic bankruptcy stay under 11 U.S.C. § 362. Since Debtors received a discharge in the Chapter 12 case on January 14, 2003, Debtors assert that the extended deadline for foreclosure pursuant to 11 U.S.C. § 108(c)(2) expired on February 13, 2003.

Debtors rely on the Nebraska Supreme Court case of *County of Sherman v. Evans*, 252 Neb. 612, 564 N.W.2d 256 (1997). That case stands for the proposition that if foreclosure actions are not commenced within in the time period prescribed by Neb. Rev. Stat. § 77-1902, then Neb. Rev. Stat. § 77-1856 dictates that the tax sale certificates are thereafter absolutely extinguished and that the courts lack jurisdiction to foreclose the certificates. *Id.* at 617, 564 N.W.2d. at 258.

Interestingly, the *County of Sherman* case did involve an intervening bankruptcy proceeding. However, the only discussion of that bankruptcy proceeding by the Nebraska Supreme Court is as follows:

> Appellee alleges that the delay in the foreclosure of tax certificates Nos. 1991 and 1992 was due to appellants' filing a petition in bankruptcy and the existence of the automatic stay. Since the face of the tax certificates demonstrate that they were void as of September 1983, appellee would have an obligation to submit evidence of the bankruptcy. However, the only evidence relevant to this issue can be found in paragraph 11 of appellees' petition filed on September 16, 1991:
>
>> That with regard to the Fourth and Fifth Causes of Action, the Plaintiff has been granted a relief from automatic stay from the United States Bankruptcy Court For the District of Nebraska, to foreclose its liens on any and all real estate located within Sherman County, Nebraska by Order entered July 24, 1991 in Chapter 11 Proceedings, Bk 84-1523.
>
> We conclude that such evidence insufficiently demonstrates that appellee should have been excused from complying with the time period as prescribed by § 77-1902.

252 Neb. at 617, 564 N.W.2d at 259.

Debtors' reliance on the *County of Sherman* case is misplaced. The Nebraska Supreme Court disregarded the intervening bankruptcy filing due to a lack of evidence with respect to the bankruptcy. There was no indication in the record as to whether the tax sale certificate was treated or addressed in the intervening Chapter 11 bankruptcy. In particular, there was no indication as to whether a Chapter 11 plan providing for payment of the tax sale certificate was ever confirmed.

The case at hand is materially different. The key here is that a Chapter 12 plan *was* confirmed. The confirmed Chapter 12 plan materially modified the rights of Schlichtemeier, the holder of the tax sale certificates. The plan combined the certificates into one obligation to be paid by Debtors in annual payments over 15 years. Thus, the claim of Schlichtemeier in the Chapter 12 case was converted from simply a non-recourse real estate tax obligation under the tax sale certificates to a contractual obligation of Debtors to pay a fixed amount of money over a period of years, which obligation is secured to the same extent as the tax sale certificates.

The Chapter 12 plan is res judicata and, under 11 U.S.C. § 1227, Debtors and each creditor are bound by the provisions of the confirmed plan. *See also First Nat'l Bank v. Allen*, 118 F.3d 1289, 1294 (8th Cir. 1997). In fact, in this district, Judge Minahan previously addressed the very issue involved in this case. In the case of *In re Palensky*, 228 B.R. 709 (Bankr. D. Neb. 1998), the holder of a tax sale certificate objected to discharge on the grounds that his state law right to foreclose the tax sale certificate would expire before the creditor was paid in full. Judge Minahan discussed the *County of Sherman* case and then stated:

> The Chapter 12 plan is binding between the parties according to its terms. *See* 11 U.S.C. § 1227(a). Both the bankruptcy debtors and Mr. Haugen are therefore bound by the terms of the Chapter 12 plan. Confirmation of the plan is res judicata.
>
> I conclude, as a matter of federal bankruptcy law, that Mr. Haugen has a first lien on the real estate which secures his claim. The confirmed Chapter 12 plan provides that Mr. Haugen shall retain his lien with respect to the real estate until his claim is paid in full. At the time the plan was confirmed, Mr. Haugen held a first priority lien in the debtors' real estate. Therefore, he retains this lien and lien priority until all payments are made on his claim under the confirmed Chapter 12 plan.

*Id.* at 711. Judge Minahan even went further and noted that if the creditor could not enforce his lien in state court as a result of the *County of Sherman* case, the bankruptcy case could be reopened in order to pursue the secured claim granted by the bankruptcy court. *Id.* at 712. Finally, Judge Minahan concluded that the plan created a personal obligation of the debtors to pay the claim as indicated in the plan, even though prior to bankruptcy the claim was effectively non-recourse. *Id.*

Allowing Schlichtemeier to retain his lien becomes even more appropriate when one considers the alternative – timely foreclosure of the certificates by Schlichtemeier. Surely Debtors would have cried foul if Schlichtemeier had commenced foreclosure of the certificates as soon as the Chapter 12 case was discharged rather than await a default by Debtors in their annual payments (due as a result of the confirmed Chapter 12 plan).

Just as in *Palensky*, Debtors here used their Chapter 12 plan to modify the pre-petition non-recourse tax sale certificate obligation into a personal obligation to repay the indebtedness over a period of years, secured by the same lien priority as existed pre-petition until such time as the claim is paid in full. The Chapter 12 plan is res judicata. Schlichtemeier has a valid secured claim herein, and Debtors' objection to his claim is overruled. Further, since Debtors have not objected to the amount of the claim, Schlichtemeier's claim will be allowed as filed.

Separate order to be filed.

DATED: March 26, 2007.

>                              BY THE COURT:
>
>                               /s/ Thomas L. Saladino
>                              United States Bankruptcy Judge

Notice given by the Court to:
    *James R. Nisley
    Victor E. Covalt, III
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.